COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


APRIL L. KOONTZ

MEMORANDUM OPINION*

v.    Record No. 2644-00-3                 PER CURIAM
                                          MARCH 6, 2001

WRANGLER, INC. AND
 V F CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (John B. Krall; Roger Ritchie & Partners,
          P.L.C., on brief), for appellant.

          (J. David Griffin; Fowler, Griffin, Coyne,
          Coyne & Patton, P.C., on brief), for
          appellees.


     April L. Koontz (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove that she suffered an injury by accident arising out of and

in the course of her employment on October 18, 1999.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,'

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. <u>See Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant failed to prove that she suffered an electrical shock on October 18, 1999, or suffered any acute injury flowing therefrom. In so ruling, the commission found as follows:

> The most complete history of injury reflected in the medical records is that reported by Dr. [James H.] Bernheimer and Dr. [Joel M.] Trugman. This history is essentially consistent with the testimony offered by the claimant. They reported that the claimant was standing on a wooden platform. The metal which comprised the lift was not in contact with the steel beam which the claimant was cleaning. The claimant, in turn, was not in contact with the battery of the lift. They, and various other health care providers, specifically noted the absence of entrance and exit burns indicating the route that the alleged electrical current followed through the claimant's body. These physicians, who are specialists in neurology, reported that the tremor in the right upper extremity viewed during examination varied in location, amplitude and frequency. Based on these findings and the history provided by the

- 2 -

claimant, Dr. Bernheimer and Dr. Trugman expressed some doubt as to whether the claimant suffered an electrical shock injury, and concluded that the claimant exhibited both a significant functional and psychogenic overlay. We further note that electrodiagnostic studies revealed the absence of electrophysiologic evidence of right ulnar neuropathy or any widespread neuropathic processes in the right upper extremity.

Histories recorded by several health care providers are inconsistent with the claimant's testimony. Dr. Bernheimer and Dr. Trugman noted reports that the claimant was knocked backwards from the shock and suffered bruising on her right arm. Dr. [Robin J.] Hamill-Ruth reported that the alleged electric current flowed from one unknown extremity through the right hand. On the issue of causation, Dr. [G. Gregory] Ross' opinion evolved over time to reflect his ultimate opinion that the claimant possibly suffered an electrical injury. He concluded on January 24, 2000, that the claimant's symptoms were of unknown etiology. Dr. [Glenn E.] Deputy opined that he could not determine the cause of the claimant's symptoms.

(Citation omitted.)

In light of the conflicts between claimant's hearing testimony and the medical records and the opinions of her medical providers, the commission, as fact finder, was entitled to reject claimant's testimony regarding the alleged October 18, 1999 incident. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Furthermore, the commission could infer

- 3 -

from the medical records and the opinions of claimant's medical providers that claimant's evidence failed to prove that her right arm condition was caused by an electrical shock or other acute injury at work on October 18, 1999.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.